IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DAVID ROBERT BENTZ, #S03210,**    )
                                    )
                **Plaintiff,**          )
                                    )
vs.                                 )    Case No. 14-cv-00562-MJR
                                    )
**SGT. QUALLES, LT. SAMUELS,**      )
**LT. BROOKMAN, C/O MOUE,**         )
**C/O SNUCKER, RYAN SANDLER,**      )
**and UNKNOWN PARTIES,**            )
                                    )
                **Defendants.**         )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff David Bentz, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). He is serving a life sentence for murder. In the complaint, Plaintiff claims that several Menard prison officials assaulted him without provocation on May 11, 2014 (Doc. 1, p. 2). The assault resulted from an alleged conspiracy by Menard officials to retaliate against Plaintiff for filing lawsuits.[1] Plaintiff now sues six Menard officials (Defendants Sergeant Qualles, Lieutenant Samuels, Lieutenant Brookman, C/O Moue, C/O Snucker, and C/O Sandler) and several unknown prison officials (Unknown Defendants) for the role they each played in the assault and its aftermath. Plaintiff asserts claims against Defendants under the First, Eighth, and Fourteenth Amendments, as well as Illinois state law. He seeks declaratory judgment, monetary damages, and "immediate" injunctive relief.

---

[1] In the complaint, Plaintiff disclosed nine other lawsuits that he has filed in state and federal courts since 2011 (Doc. 1, pp. 2-3). Of these, three are currently pending in this district: *Bentz v. Bledsol, et al.*, Case No. 13-cv-573-JPG-DGW (filed June 17, 2013); *Bentz v. Atchinson, et al.*, Case No. 13-cv-1259-JPG-PMF (filed Dec. 5, 2013); and *Bentz v. Hughs, et al.*, Case No. 13-cv-1280-MJR-DGW (filed Dec. 12, 2013).

1

**The Complaint**

The events giving rise to this action occurred in Menard's North-1 cell house on May 11, 2014 (Doc. 1, p. 3). As Plaintiff exited Eight Gallery on his way to lunch, Defendant Moue threatened to slap Plaintiff across his "mother fu\*\*ing face" the next time Plaintiff passed by him (Doc. 1, pp. 3-4). Several Unknown Defendants stood by and did nothing. When Plaintiff reported the incident to Defendant Brookman, he said he "didn't care" (Doc. 1, p. 4).

After Plaintiff returned from lunch, Defendant Moue approached Plaintiff and pretended to slap him several times, saying, "I know you are a pinciel (sic) pusher and that you file lawsuits. . . ." (Doc. 1, p. 4). Defendants Moue and Qualles then ordered Plaintiff to report to Six Gallery. He complied with the order. As Plaintiff entered Six Gallery, Defendants Qualles, Snucker, and an Unknown Defendant assaulted him. They punched him, grabbed him in the back of the neck, and shoved his face into a wall. All the while, Defendants Moue, Sandler, and several Unknown Defendants stood by without intervening.

Defendant Moue later grabbed Plaintiff by the back of his shirt, twisting it until Plaintiff could not breathe. In this manner, he dragged Plaintiff from Six Gallery to Five Gallery. Defendant Moue then picked Plaintiff up by the neck and repeatedly slammed his head into the wall saying, "I am going to kill you!" (Doc. 1, p. 4). Defendants Snucker and Qualles joined Defendant Moue, while several Unknown Defendants watched (Doc. 1, p. 5). Plaintiff eventually passed out. When he regained consciousness, Defendants Moue, Snucker, and Qualles continued to assault him and threaten his life.

Following the assault, Plaintiff was allowed to return to his cell. There, he asked Defendant Sandler and an Unknown Defendant for medical treatment. In response, the Unknown Defendant threatened to beat Plaintiff if he reported the assault (Doc. 1, p. 5).

Plaintiff reported the assault to Defendant Samuels in the prison yard that afternoon (Doc. 1, p. 5).  He requested medical care and a meeting with internal affairs.  He pleaded for a transfer to another cell house.  He even contacted a friend from the prison yard phone and asked her to notify the Illinois Department of Corrections ("IDOC") that Plaintiff's life was in danger.  Although Defendant Samuels promised to assist Plaintiff twice, he took no action.  Instead, he threatened Plaintiff with a disciplinary ticket if he did not return to his cell.  Defendant Samuels told another officer that Plaintiff was "full of sh**" (Doc. 1, p. 6).

Plaintiff later reported the incident to an Unknown Defendant-Lieutenant, who worked the 3:00-11:00 p.m. shift.  Plaintiff complained of jaw and neck pain.  He asked for medical care.  The Unknown Defendant-Lieutenant agreed to assist Plaintiff, on condition that he "not make a case" about the incident.  When Plaintiff agreed, he was escorted to see Unknown Defendant-Nurse around 8:45 p.m. that night.  Unknown Defendant-Nurse failed to properly treat Plaintiff, refusing Plaintiff's request for pain medication, x-rays, and other diagnostic tests.  Plaintiff's subsequent requests for treatment were ignored.  During the appointment, an Unknown Defendant stood in the doorway to prevent Plaintiff from reporting the assault.  The same Unknown Defendant refused to contact internal affairs on behalf of Plaintiff because he did not want to "go over Samuels (sic) head" (Doc. 1, p. 6).

Plaintiff's subsequent attempts to obtain medical treatment and report the incident were fruitless.  He filed an emergency grievance with the warden, a written request for a meeting with internal affairs, and numerous requests for medical care with correctional officers (Doc. 1, p. 7). Defendant Brookman told Plaintiff that his five requests for medical care were "forwarded to the trash can" (Doc. 1, p. 7).

Plaintiff now claims that Defendants conspired to deprive Plaintiff of his rights under the First, Eighth, and Fourteenth Amendments in retaliation for filing lawsuits. He asserts Illinois assault, battery, and negligence claims against Defendants. Plaintiff seeks declaratory judgment and monetary damages. In addition, he requests an "immediate" injunction ordering the IDOC to treat his suspected broken jaw and swollen neck and to arrange a court conference to address his safety concerns (Doc. 1, p. 10).

**Merits Review Under 28 U.S.C. § 1915A**

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated the following colorable federal claims, as well as the below-listed state law claims which are subject to further consideration under this Court's supplemental jurisdiction (*see* 28 U.S.C. § 1367(a)):

**Count 1:** Civil conspiracy claim against all defendants, except Unknown Defendant-Nurse, for their group participation in the assault on May 11, 2014, and any attempted cover-up;

**Count 2:** First Amendment retaliation claim against Defendant Moue for assaulting Plaintiff on May 11, 2014, in response to his decision to file several lawsuits against prison officials;

**Count 3:** Eighth Amendment excessive force claim against Defendants Moue, Qualles, Unknown Defendant, and Snucker for assaulting Plaintiff on May 11, 2014;

**Count 4:** Eighth Amendment failure to protect claim against Defendants Samuels, Brookman, Sandler, and Unknown Defendants for failing to intervene to stop the assault, address it with internal affairs, or transfer Plaintiff to a different cell;

**Count 5:** State tort assault and battery claim against Defendants Moue, Qualles, Unknown Defendant, and Snucker for the assault on May 11, 2014;

**Count 6:** Eighth Amendment deliberate indifference to medical needs claim against all Defendants for failing to treat Plaintiff's neck and jaw injury following the assault on May 11, 2014;

**Count 7:** State law negligence claim against all non-medical provider Defendants for the conduct described in Count 6;

**Count 8:** State law negligence claim against the Unknown Defendant-Nurse for the conduct described in Count 6.

**Count 8 – Medical Negligence**

Under Illinois law, a Plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: (1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. § 5/2-622(a) (as

5

amended by P.A. 90-579, effective May 1, 1998).[2]  A separate affidavit and report shall be filed as to each defendant, which, in this case, is only Unknown Defendant-Nurse.  *See* 735 ILL. COMP. STAT. § 5/2-622(b).

Failure to file the required affidavit with regard to the Unknown Defendant-Nurse is grounds for dismissal of Plaintiff's negligence claim against this defendant.  *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod*, 223 F.3d at 613.  However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court.  *Sherrod*, 223 F.3d at 614.  "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, 2007 WL 1655799 *4-5 (S.D. Ill. 2007).

In the instant case, Plaintiff has failed to file the necessary affidavit with regard to the Unknown Defendant-Nurse.  Therefore, the claim in Count 8 is subject to dismissal.  Plaintiff shall be allowed 60 days from the date of this Order to file the required affidavit.  Should Plaintiff fail to do so in a timely manner, **Count 8** shall be dismissed without prejudice.  FED. R. CIV. P. 41(b).

**Claim to be Dismissed**

Plaintiff has failed to state an independent Fourteenth Amendment claim (**Count 9**) against any Defendants.  The complaint refers to the Fourteenth Amendment in connection with Plaintiff's medical needs and excessive force claims (Doc. 1, pp. 9-10).  The Eighth and Fourteenth Amendments are certainly related in this context.  The Eighth

---

[2] P.A. 94-677, effective August 25, 2005, which amended 735 ILL. COMP. STAT. § 5/2-622(a) and other portions of the Illinois statute governing health care and medical malpractice actions, was held to be unconstitutional in its entirety in *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010).  As a result of *Lebron*, the previous version of the statute is now in effect.  *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010).

Amendment prohibits cruel and unusual punishment and is applicable to the states through the Fourteenth Amendment. However, Plaintiff has not separately raised or stated a Fourteenth Amendment procedural or substantive due process claim against Defendants. Accordingly, **Count 9** shall be dismissed with prejudice for failure to state a claim upon which relief can be granted.

### Unknown Defendants

Plaintiff shall be allowed to proceed with his claims against the numerous Unknown Defendants. While it is within the Court's discretion to allow Plaintiff to proceed against unknown defendants, the use of fictitious names is generally frowned upon. *See K.F.P. v. Dane Cnty.*, 110 F.3d 516, 519 (7th Cir. 1997). Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). To assist Plaintiff in discovering the names of the Unknown Defendants, the Clerk shall add Menard's warden as a defendant to this action for the limited purpose of assisting in the identification and/or discovery of these individuals (and based on Plaintiff's request for injunctive relief, as discussed below).

### Request for "Immediate" Injunctive Relief

In the body of the complaint, Plaintiff seeks an Order requiring the IDOC to: (1) immediately treat his suspected broken jaw and neck injury; and (2) immediately attend a hearing addressing his safety concerns stemming from his May 2014 assault (Doc. 1, p. 10). The Court construes this request as a motion for preliminary injunctive relief.

In order to obtain preliminary injunctive relief, whether through a temporary

restraining order or a preliminary injunction, Plaintiff must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists, and; (3) Plaintiff will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the district court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

Upon preliminary review, the allegations address and appear to satisfy these requirements. Plaintiff has been allowed to proceed with seven claims that are all related to his assault. He claims to be in fear for his life, following an assault where prison officials threatened to kill him. He continues to reside in the same cell house where the assault occurred. His alleged perpetrators still work there. Plaintiff claims to have suffered a broken jaw and neck injury during the assault. His injuries remain untreated. His requests for medical treatment have been "forwarded to the trash can" (Doc. 1, p. 7).

Under the circumstances, Plaintiff's request for a preliminary injunction shall be **REFERRED** pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c) to United States Magistrate Judge **Stephen C. Williams**, who shall resolve the request for injunctive relief as soon as practicable, and issue a report and recommendation. Any motions filed after the date of this Order that relate to the request for injunctive relief or seek leave to amend the complaint are also hereby **REFERRED** to Judge Williams.

**Pending Motions**

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) shall be addressed in a separate Order of this Court.

Plaintiff's motion to appoint counsel (Doc. 3) shall be referred to **United States Magistrate Judge Stephen C. Williams** for further consideration.

**Disposition**

The **CLERK** is hereby **DIRECTED** to add Menard's warden, in his or her official capacity, as a party to this action for purposes of Plaintiff's request for injunctive relief and to assist in identifying the unknown defendants.

**IT IS HEREBY ORDERED** that **COUNT 9** is **DISMISSED** with prejudice from this action for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that as to the medical malpractice claim in **COUNT 8** against the Unknown Defendant-Nurse, Plaintiff shall file the required affidavit pursuant to 735 ILL. COMP. STAT. § 5/2-622, no later than 60 days from the date of this Order (on or before July 21, 2014). Should Plaintiff fail to timely file the required affidavit, **COUNT 8** shall be dismissed without prejudice.

As to **COUNTS 1, 2, 3, 4, 5, 6, 7** and **8**, the Clerk is directed to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **QUALLES, SAMUELS, BROOKMAN, C/O MOUE, SNUCKER, SANDLER,** and **MENARD'S WARDEN**. The Clerk shall issue the completed summons, and prepare a service packet for each defendant consisting of: the completed summons, the completed form USM-285, a copy of the complaint (Doc. 1), and this Memorandum and Order. The Clerk shall deliver the service packets for each defendant to the United States Marshal Service for personal service on each defendant.

Pursuant to Federal Rule of Civil Procedure 4, **within 14 days of the date of this Order (on or before June 4, 2014),** the United States Marshals Service **SHALL personally**

**serve** upon Defendants **QUALLES, SAMUELS, BROOKMAN, C/O MOUE, SNUCKER, SANDLER,** and **MENARD'S WARDEN** the service packets containing the summons, form USM-285, a copy of the complaint (Doc. 1), and this Memorandum and Order. All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service. The Court will not require Defendants to pay the full costs of formal service, as the Court is ordering personal service to expedite the resolution of Plaintiff's motion for injunctive relief.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings, including a decision on Plaintiff's motion to appoint counsel (Doc. 3) and Plaintiff's request for a preliminary injunction. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for

disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 21, 2014**

                                                  **s/ MICHAEL J. REAGAN**
                                                  **U.S. District Judge**